In the Matter of the Claim of CALVIN WILLIAMSON, Respondent, against J. W. COWPER Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and its insurance carrier appeal from award of compensation made after a lump sum settlement had been approved by the Workmen's Compensation Board and the case closed in 1941.. The case was reopened March 29, 1945, and subsequent proceedings had which resulted in the award appealed from. The board had continuing jurisdiction and was not barred from reopening the case by subdivision 5-b of section 15 of the Workmen's Compensation Law. This statute was not enacted until April 16, 1945 (L. 1945, ch. 778), after the claim was reopened, and does not apply in any event since it may be clearly inferred from the facts that there was a reclassification of disability. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Deyo, Santry and Bergan, JJ.

In the Matter of the Claim of JOHN A. BAILEY, Respondent, against RAILWAY EXPRESS AGENCY, INCORPORATED, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by a self-insured employer from a decision and award of the Workmen's Compensation Board. The sole issue relates to the settlement of a third party action. On February 14, 1945, claimant was employed as an extra platform man by the employer and sustained accidental injuries due to the negligence of the New York Central Railroad Company, the third party. The employer commenced the payment of compensation. Subsequently claimant instituted a third party action against the New York Central Railroad Company which was settled for $2,500. The sole issue was whether or not the employer consented to the settlement. The board found that it had and the evidence amply sustains the finding. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Deyo, Santry and Bergan, JJ.

In the Matter of the Claim of MARGARETTA DIAMOND, Deceased, Respondent, against ST. BRIDGET'S CHURCH et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of the Workmen's Compensation Board made to various special funds. The evidence indicates that deceased suffered an industrial accident which was the cause of her death. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Deyo, Santry and Bergan, JJ.